**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAMAR FREDERICK, : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. 3:18-0707 |
| v. : | |
| : | (Judge Mannion) |
| SNYDER COUNTY PRISON, et al., : | |
| Defendants : | |

**MEMORANDUM**

**I. Background**

Lamar Frederick, an inmate formerly confined in the Snyder County Prison, Selinsgrove, Pennsylvania[1], filed the above-captioned civil rights complaint pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the Snyder County Prison, the Prison Rape Elimination Act ("PREA") Coordinator Andy Stahl, Warden Shawn Cooper and Joe Royer.

Plaintiff's action arises out of an incident that allegedly occurred on February 8, 2018 at the Snyder County Prison, when other inmates allegedly stole commissary items from Plaintiff's cell when he was transferred to the restricted housing unit. Id. Plaintiff alleges that he filed a grievance with Warden Cooper concerning the theft, which resulted in some, but not all, of the stolen

---

[1]Plaintiff is currently housed at the State Correctional Institution, Camp Hill, Pennsylvania.

goods being returned to him. Id. Plaintiff alleges also that on or about February 28, 2018, he was the witness to a sexual harassment incident involving another inmate. Id. Plaintiff alleges that prison officials failed to conduct a satisfactory investigation into the incident pursuant to the Prison Rape Elimination Act ("PREA"). Id. For relief, Plaintiff seeks damages for the "balance of property missing," as well as "satisfactory amount for discrimination, defamation of character and mental anguish" for "violation of the PREA Act (sexual harassment and counseling for abuse). Id.

Presently before the Court is Defendants' motion to dismiss, filed on May 15, 2018. (Doc. 17). Although the Plaintiff has had more than ample time to file a brief in opposition to Defendants' motion, he has failed to oppose the motion.[2] As such, the Court will grant Defendants' motion as unopposed.

## II. Allegations in Complaint

Plaintiff alleges that on February 8, 2018, he was "asked to step into the hallway of the prison wing by the watch commander along with five other officers"

---

[2] Although Plaintiff failed to file a brief in opposition to Defendants' motion to dismiss, he did file a motion for default judgment on August 2, 2018, (Doc. 25). months after Defendants' timely filed motion to dismiss. As such, Plaintiff's motion for default judgment will be denied.

and "then escorted to the RHU." (Doc. 1). Plaintiff believes that "at this time inmates went into [his] cell and stole items of commissary valued at $130.20." Id. Plaintiff contends that on February 9, 2018, Defendant Stahl "lessened the guilt and punishment for all parties involved in order to retrieve the missing items" and "some items were returned on this date." Id

On February 10, 2018, Plaintiff states that a "complaint was filed with the Warden's Office for investigation," along with "proof of purchase receipts." Id. He claims that "during the conclusion of the investigation dated 2/12/18, [Stahl] asked [Plaintiff] why would [he] be complaining about someone taking something from [him]", and before Plaintiff could respond, Stahl stated "sucks, don't it, karma just bit you in the ass." Id. Plaintiff claims that Stahl was referring to his retail theft charges. Id.

On March 16, 2018, Plaintiff states that he "became aware that a sexual harassment report given to Investigator Andy Stahl on the morning of 2-18-18 was never investigated and reported to PREA" and that Plaintiff, himself "witnessed the sexual harassment and [he] was present when it was reported and that is the further the claims traveled due to its nature of having significant consequences." Id. Plaintiff claims that as soon as he became aware that the incident had not been investigated, he "attempted to contact PREA by the

3

telephone and was unable to do so." Id. Plaintiff believes that as a result of having witnessed this incident, he is "entitled to some form of counseling." Id.

On March 30, 2018, Plaintiff filed the above captioned action, seeking "the balance of property missing, $109.80", and a "satisfactory amount for discrimination, defamation of character and mental anguish, violation of PREA Act (sexual harassment and counseling for abuse). Id.

## III. Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin

4

to a 'probability requirement,' but it asks for more than a mere possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. §1997e apply, as do the screening provisions of 28 U.S.C. §1915(e), given that he was granted *in forma pauperis* status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203

5

F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., 2007 WL 1811198, at *4 (W.D. Pa. June 21, 2007), aff'd, 264 Fed App'x. 183 (3d Cir. 2008).

## IV. Discussion

### A. Personal Involvement

In order to state a viable section 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). "To establish liability for deprivation of a constitutional right under §1983, a party must show personal involvement by each defendant." Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); see

6

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

Initially, it is determined that Plaintiff has failed to allege personal involvement of any of the named Defendants. Specifically, he fails to allege that any of the named Defendants were personally involved in any deprivation of his rights under the Constitution or any other law of the United States.

Moreover, Frederick names the Snyder County Prison as a Defendant. However, a county jail is not a proper defendant in a §1983 action because it is not a person and therefore, not subject to suit under 42 U.S.C. §1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that a "state agency may not be sued under 42 U.S.C. §1983 since it is not a person"); Nesmith v. Beaver County Jail, 2012 WL 3245495 at *11 (W.D. Pa. Aug. 8, 2012) (finding that the jail is not an entity that is properly subject to suit and would be dismissed as a defendant even if complaint was not deficient.) The complaint against this defendant is subject to dismissal.

### B. Deprivation of Property

To the extent that Plaintiff is alleging a Fourteenth Amendment deprivation of property without due process claim, his claim is not actionable under 42 U.S.C. §1983. See Coulson v. Mooney, 2015 WL 1034632 (M.D. Pa. 2015) (dismissing the complaint on screening because the plaintiff had an adequate

post-deprivation remedy to address his claim that his cellmate deliberately destroyed his television and other personal property). The Supreme Court of the United States has held that neither negligent nor intentional deprivations of property violate the Due Process Clause if there is a meaningful post-deprivation remedy for the loss. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527, 530 (1981). The Third Circuit Court of Appeals has "held that the prison's grievance program and internal review provide an adequate post-deprivation remedy to satisfy due process." Barr v. Knaueer, 321 Fed. Appx 101, 103 (3d Cir. 2009) (citing Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000). See also Griffin-El v. Beard, 2010 WL 1837813 (E.D. Pa. 2010) (concluding that a "prisoner's 'failure to [properly] avail himself of such remedy does not affect its adequacy as a post-deprivation remedy' "). Additionally, "the failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." Gordon v. Vaughn, 1999 WL 305240 (E.D. Pa. May 12, 1999) (citing Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995).

Moreover, Plaintiff has another post-deprivation remedy, namely a state conversion action. See Crosby v. Piazza, 2012 WL 641938 (3d. Cir. 2012) (holding that to the extent an inmate "is dissatisfied with the outcome of the

administrative process, he may still file a state court tort action"); Reavis v. Poska, 2010 WL 2511379 (W.D. Pa. 2010) ("Plaintiff, cannot as a matter of law, make a claim under the Fourteenth Amendment for a deprivation of property without due process" because the DOC's "internal grievance procedure and the availability of a state tort suit in state court provide adequate post deprivation remedies."); 42 Pa.C.S.A. §8522(a), (b)(3).

Plaintiff admits to filing a complaint, and therefore, has participated in a meaningful post-deprivation grievance procedure. As discussed, if a meaningful post-deprivation grievance procedure is available, regardless of whether the result of this grievance procedure is favorable to the plaintiff, the plaintiff will not have a claim for a violation of the Due Process Clause of the Fourteenth Amendment. Therefore, in accordance with the aforementioned precedential case law, Plaintiff has failed to not only allege personal involvement of the named Defendants, but has also failed to allege a Fourteenth Amendment violation of the Due Process Clause.

### C. Prison Rape Elimination Act Claim

Plaintiff attempts to assert a PREA claim against the individual prison officials, based on his alleged dissatisfaction with prison officials' handling of an investigation into another inmate's sexual harassment complaint. (Doc. 1).

Plaintiff seemingly alleges that through these actions, Defendants failed to comply with the Prison Rape Elimination Act ("PREA"). Id. To the extent that Plaintiff attempts to raise a claim pursuant to the PREA, this claim must fail. The PREA does not provide a private right of action and Plaintiff is thus prohibited from asserting a claim pursuant to PREA. See Gonzaga Univ. v. Doe, 536 U.S. 273, 283-85 (2002); Bowens v. Emps. of the Dep't of Corr., 2015 WL 803101, at *1 n.1 (E.D. Pa. Feb. 26, 2015); Washington v. Folino, 2013 WL 998013, at *4 (W.D. Pa. Feb. 29, 2013) (holding that violations of the Prison Rape Elimination Act do not create a private cause of action); see also Henry v. CO#2 Gilara, 2017 WL 3424863, at *3 (W.D. Pa. Aug. 9, 2017); Njos v. United States, 2016 WL 1720816 (M.D. Pa. Apr. 29, 2016). Accordingly, Plaintiff's PREA claim against Defendants fails as a matter of law and will be dismissed with prejudice.

### D. Defamation Claim

Plaintiff's defamation claim under §1983 also fails as a matter of law. In order to state a claim under §1983 for defamation, Plaintiff must show that Defendants injured a constitutionally protected interest in Plaintiff's reputation. Garner v. Township of Wrightstown, 819 F.Supp. 435, 440 (E.D. Pa. 1993). A §1983 action does not arise when Defendant has defamed Plaintiff and injured his reputation without other damages. Id. at 441, citing, Kulwicki v. Dawson, 969

F.2d 1454, 1468 (3rd Cir. 1992). Plaintiff must meet the "reputation plus" damages standard which requires monetary or professional damages in addition to damages to Plaintiff's reputation. Id. at 442. In the case at bar, Defendant Stahl's reference to Plaintiff's retail theft conviction does not constitute an injury to Plaintiff's constitutional interest in his reputation for two reasons. First, Plaintiff does not dispute the veracity of Stahl's statement. Second, Plaintiff has not presented evidence to meet the "reputation plus" standard.

Additionally, any state defamation claim Plaintiff may allege under 28 U.S.C. §1367, pursuant to 42 Pa.C.S.A. §8343(a), also fails. The test for a state defamation claim requires Plaintiff to allege: (1) defamatory character of communication; (2) its publication by Defendant; (3) its application to Plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to Plaintiff; (6) special harm resulting to Plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. Clemente v. Espinosa, 749 F.Supp. 672 (E.D. Pa. 1990) citing 42 Pa.C.S.A. §8343(a)(1). Defendant's reference to Plaintiff's criminal conviction fails to meet any of the requirements of a state defamation claim and will be dismissed.

## V. Conclusion

In light of the foregoing, Defendants' timely filed motion to dismiss pursuant

to Fed.R.Civ.P. 12(b)(6), will be **GRANTED**, Plaintiff's motion for default judgment will be **DENIED,** and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:    March 22, 2019**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-0707-01.wpd